UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ELAINE MARSHALL, | ) |
| | ) Case No. 5:15-cv-00206-CAR |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FREDERICK J. HANNA AND ASSOCIATES, P.C., | ) ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

Plaintiff Elaine Marshall respectfully submits this response in opposition to Defendant Frederick J. Hanna and Associates, P.C.'s Rule 12(b)(6) motion to dismiss.

**I.     Introduction.**

Around January 20, 2015, Defendant filed a legal action for garnishment on a debt against Plaintiff in Cobb County Court. Plaintiff never lived in Cobb County nor did Plaintiff sign the contract creating the debt in Cobb County. Therefore, the legal action for garnishment in Cobb County violates the plain language of 15 U.S.C. § 1692i(a)(2)—the "venue provision" of the Fair Debt Collection Practices Act ("FDCPA"). Defendant moved to dismiss Plaintiff's claim based on *Pickens v.*

1

*Collection Servs. of Athens, Inc*. However, the *Pickens* holding contradicts the language of the venue provision.

A garnishment proceeding is without doubt a legal action against a consumer, and filing such an action in an improper venue violates the plain language of the FDCPA. Plaintiff would have to defend against the garnishment in a distant or inconvenient court, an action which Congress sought to prevent. This Court should enforce the plain language of the FDCPA to effect its remedial purpose of protecting debtors from unfair collection practices. Accordingly, Defendant's motion to dismiss must be denied.

## II.   Statement of Facts.

In connection with the collection of a debt, Defendant obtained a judgment against Plaintiff in Bleckley County Court. Doc. 1 at 3, ¶11. Around January 20, 2015, Defendant filed a legal action for garnishment against Plaintiff in Cobb County Court. *Id.* at ¶12. Plaintiff did not live in Cobb County at the time the garnishment action was commenced. *Id.* at ¶13. Additionally, Plaintiff did not sign any contract creating the alleged debt in Cobb County. *Id.* at ¶14.

## III.   Standard of Review.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In considering a Rule 12(b)(6) motion to dismiss, a court must take all of the factual allegations in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "We accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

## IV. Congress enacted the FDCPA to prevent the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.

Congress enacted the FDCPA after finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The FDCPA's "purpose is 'to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.' " *Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1211 (N.D. Ga. 2007) (quoting 15 U.S.C. § 1692(e)).  Congress expressly found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers."  15 U.S.C. § 1692(b).

The FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. GC Serv. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *see also McCartney v.*

*First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (The FDCPA "makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid.").

## V.   Congress enacted 15 U.S.C. § 1692i(a)(2)(A) to prevent consumers from having to defend legal actions in "distant or inconvenient" courts.

Congress enacted the FDCPA to curb abusive practices by debt collectors, and § 1692i of the law proscribes the "unfair practice" of filing against consumers in "distant or inconvenient forums that can make it difficult for debtors to appear." *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. 2011) (quoting S. Rep. No. 95382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699). "The presence of the venue provision in the Act shows congressional dissatisfaction with allowing state law to determine where suits to collect consumer debts can be filed." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 640 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 756 628 (2014). "So as applied to debt-collection actions in state court, § 1692i must be understood not as a venue rule but as a penalty on debt collectors who use state venue rules in a way that Congress considers unfair or abusive." *Id.* at 653 (Sykes, J., concurring) (citing 15 U.S.C. § 1692k(a) (establishing a civil remedy for damages against any debt collector who "fails to comply with any provision of this subchapter") and 15 U.S.C. § 1692 (congressional findings and declaration of purpose)).

## VI. The plain language of 15 U.S.C. § 1692i(a)(2)(A) requires this Court to deny Defendant's motion.

As with any issue of statutory interpretation, the Court should first turn to the statute's language because the statute must be enforced according to its terms. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000); *see also Schreiber v. Burlington N., Inc.*, 472 U.S. 1, 5 (1985). Here, the relevant text states: "A debt collector who brings any legal action on a debt against any consumer shall bring such action only in the judicial district or similar legal entity in which such consumer signed the contract sued upon or in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2)(A). "Debt collectors are prohibited 'from bringing legal action to enforce a debt anywhere but the judicial district or similar legal entity where the consumer signed the contract sued upon or in which the consumer resides when the action is commenced.' " *Canady v. Wisenbaker Law Offices, P.C.*, 372 F. Supp. 2d 1379, 1382 (N.D. Ga. 2005) (quoting *Addison v. Braud*, 105 F.3d 223, 224 (5th Cir. 1997)).

### A. A garnishment proceeding is an action "against" a consumer.

The Act does not define the term "against" or the phrase "against a consumer." Indeed, Defendant agrees whether it violated the Act hinges on this term or phrase. In *Adkins v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 2:11-CV-00619, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012), the United States District

5

Court for the Southern District of Ohio examined the same issue, agreeing that "resolution of the motion to dismiss hinges on whether a garnishment action is 'against' the consumer who is a judgment debtor." *Id.* at *6.

The facts in *Adkins* are analogous to the present case, and the defendant also argued that the "garnishment action brought against the plaintiff was not 'a legal action on a debt against a consumer . . .' within the meaning of 15 U.S.C. § 1692i(a)(2)(A)." *Id.* at *1. The court answered in the affirmative, stating, "[o]nly the judgment creditor and the judgment debtor have any beneficial interest at stake in a garnishment action." *Id.* The court further stated "the employer-debtor of the employee-judgment debtor has no claim to the money garnisheed. The employer's only interest is in not becoming liable to pay the wages to both the employee and the employee's judgment creditor." *Id.* Additionally, the court looked to the Due Process Clause and stated:

> The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States recognizes that obvious fact by requiring the judgment creditor to give notice to the judgment debtor of the garnishment and requiring the issuing court to afford the judgment debtor an opportunity to contest the garnishment.

*Id.*

Further, Merriam-Webster's dictionary defines "against" as "in opposition to" or "in competition with." Merriam-Webster, *Definition of against by Merriam-Webster*, http://www.merriam-webster.com/dictionary/against, (last visited August

10, 2015). The definition goes further, indicating the word is "used to indicate the person or thing that is affected or harmed by something." *Id.* A garnishment action is an action "against" a consumer. The consumer is affected or harmed by the garnishment as the funds garnished come directly from the consumer's bank account or paycheck, and are used to pay the debt. Notably, the FDCPA applies to consumer debts "whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Thus, by filing a garnishment in a district where Plaintiff neither lived nor signed the contract creating the debt, Defendant violated 15 U.S.C. § 1692i(a)(2) and Defendant's motion to dismiss must be denied.

### B. The Ninth Circuit has held that the § 1692(i) applies to enforcement actions such as garnishments.

"The plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right." *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994) (citing *S & M Investment Co. v. Tahoe Regional Planning Authority*, 911 F.2d 324, 326–27 (9th Cir. 1990)). At issue in *Fox* was whether the defendant violated the FDCPA by filing a writ of garnishment in the Maricopa County Superior Court rather than in Pima County where the plaintiffs resided. *See id.* at 1511. The Ninth Circuit discussed Congress's concern in avoiding the burden of defending such actions in distant jurisdictions:

> In enacting the provision, *Congress was concerned about consumers having to defend against suits in "distant or inconvenient" courts*. Consumers face similar burdens in defending against enforcement actions. Here, for example, had the writ not been quashed, *the Foxes would have had to move for its quashing or defend against the amount of garnishment in a distant court*. We find no indication that Congress intended to exclude enforcement actions, entailing the same concerns as initial adjudications, from the venue provision. Accordingly, we conclude that such actions are subject to section 1692i.

*Id.* at 1515 (citing S.Rep. No. 382, 95th Cong., 1st Sess. 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.) (emphasis added).

In the present case, the same concern applies. Defendant filed a legal action in Cobb County, a county in which Plaintiff never resided. Additionally, the contract was not executed within Cobb County. Defendant's filing of the garnishment action in Cobb County is precisely why Congress enacted the venue provision of the FDCPA—Congress sought to prevent consumers from having to defend against suits in courts in which the consumer has no ties. Therefore, Defendant's motion to dismiss must be denied.

    **C.**    **This Court should decline to follow *Pickens*.**

In support of its motion, Defendant relies on *Pickens v. Collection Servs. of Athens, Inc.*, 165 F. Supp. 2d 1376 (M.D. Ga. 2001) aff'd sub nom., 273 F.3d 1121 (11th Cir. 2001). There, the court held that a wage garnishment action did not fall within the FDCPA's venue provision because the action was not "against a consumer," as defined by state law. *See id.* at 1381. However, it is not appropriate

8

to look to state law in interpreting the FDCPA, which preempts inconsistent state laws.

### 1.  The holding of *Pickens* is contrary to the FDCPA.

In issuing its order, the *Pickens* court recognized that its holding was in tension with the express purpose of the FDCPA: "The Court recognizes the concern that not applying the FDCPA's venue provision in collection proceedings against parties other than the debtor could circumvent the purpose of the FDCPA as the debtor is ultimately affected by these actions." *Id*. This is because a "judgment debtor may become a party to the proceeding by filing a traverse to the plaintiff's affidavit." *Id.* at 1380.

The court disregarded this concern, as "the debtor has already had the chance to defend the debt action." *Id*. However, this holding ignores that a debtor may not want to defend the action for judgment but still defend the garnishment action. A debtor may not want to defend the action for judgment because they owed the debt and the amount sought was correct. However, that same debtor may want to defend the garnishment action if they have exemptions or the collector seeks a wrong amount in the garnishment. To follow *Pickens* would allow debt collectors, like Defendant here, to file garnishments in distant jurisdictions in an attempt to dissuade or prevent consumers from appearing and defending against the action.  The same concerns for protecting consumers from filing an initial

complaint in an inappropriate venue apply with equal force in protecting consumers from garnishment actions.

### 2. The FDCPA preempts state venue law.

*Pickens* relied on Georgia venue law in issuing its opinion against the express purpose of the Act. The Georgia venue law provides that venue in a garnishment proceeding against a corporation can be brought in the county in which the corporate office is located or place of business where the debtor is employed. *See id.* at 1380. However, "Congress intended for the FDCPA to provide greater protection than state law, and the purpose of section 1692 was to eliminate abusive practices and to promote consistent state action." *Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1186 (W.D. Wash. 2011) (citing 15 U.S.C. § 1692(e)) (holding state law cannot make legal what the FDCPA expressly makes illegal). "The Act preempts state laws 'to the extent that those laws are inconsistent with any provision of [the FDCPA].' " *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 951 (9th Cir. 2011) (citing 15 U.S.C. § 1692n) (holding compliance with particular state's procedural rules does not insulate debt collector from FDCPA liability). Thus, whether the garnishment was permitted by state law is irrelevant to whether it was permitted by the FDCPA.

The *Pickens* court also relied on Georgia garnishment law, which states, "a garnishment proceeding is an action between the plaintiff [judgment creditor] and

the garnishee. *Pickens*, 273 F.3d at 1380 (quoting O.C.G.A. § 18–4–93). The court acknowledged that a "judgment debtor may become a party to the proceeding by filing a traverse to the plaintiff's affidavit." However, even though the court acknowledged that the judgment debtor had an interest in the outcome of the proceeding, the court still concluded that the "judgment debtor is not a party to the garnishment." *Id.* Therefore, the court concluded the garnishment proceeding was "not against the consumer," and thus, not a violation of the FDCPA venue provision. *See id.*  As discussed above, this is not well-reasoned because the consumer is the real party with an important interest in the proceeding. *See supra*, § VI.A.

In addition, whether the legal action is considered "against the consumer" as defined by the state law should not be dispositive of whether the legal action is considered "against the consumer" under the scope of the FDCPA.  Otherwise, reliance on state laws in interpreting the FDCPA would effectively create different definitions of legal action and provide disparate enforcement of the FDCPA, depending on what state the conduct occurs in.  To have the requirements of the FDCPA differ state by state is at odds with the federal law, intended to preempt inconsistent state laws in this area.  What's more, using state law as a shield against the FDCPA's requirements is inconsistent with the purpose of the Act and the intent of Congress in protecting consumers, where existing state law was found

inadequate to do so. The more logical approach, and the approach more consistent with the broad consumer protection principles of the FDCPA, is to employ a single interpretation based on the plain language of the federal statute. The Ninth Circuit in *Fox* and the court in *Adkins* employ reasoning applicable in any jurisdiction, and this Court should follow their reasoning.

Finding a garnishment to be a legal action against the consumer is also "[c]onsistent with the practice of broadly construing remedial consumer protection statutes in favor of the consumer." *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Associates, P.C.*, --- F. Supp. 3d ----, 2015 WL 4282252, at *14 (N.D. Ga. July 14, 2015); *Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp. 2d 1210, 1213 (M.D. Fla. 2009) ("The FDCPA is a remedial statute, and its provisions are to be construed liberally in favor of the consumer debtor.").

## VII. Conclusion.

15 U.S.C. § 1692i(a)(2) prohibits a debt collector from bringing any legal action on a debt against a consumer anywhere other than the judicial district or similar legal entity in the county in which the consumer signed the contract sued upon or where the consumer resided at the commencement of the action. Here, Defendant brought a garnishment action against Plaintiff in a county where she neither lived nor signed the contract creating the debt. Because a garnishment is an action with the potential to harm the consumer and affect the consumer's legal

rights, it is a legal action against a consumer. Even though the Georgia state law defines a garnishment proceeding as an action against a garnishee, that does not logically foreclose that it cannot also be against the consumer, as contemplated by the purpose and plain language of the FDCPA, which provides greater protection to consumers than state law. Therefore, this Court should deny Defendant's motion to dismiss, and allow Plaintiff's claim under 15 U.S.C. § 1692i to proceed.

Dated: August 13, 2015

                              Respectfully submitted,

                              /s/ Marques J. Carter
                              Marques J. Carter, Esq. (No. 105133)
                              Law Office of Marques J. Carter, LLC
                              3400 Chapel Hill Road, Suite 100
                              Douglasville GA 30135
                              Telephone:     (888) 595-9111
                              Facsimile:      (866) 842-3303
                              Email: mcarter@consumerlawinfo.com

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2015, I electronically filed the foregoing document with the Clerk of the U.S. District Court for the Middle District of Georgia, using the CM/ECF system, which will send notice of the same to Defendant, through its counsel of record, as follows:

    Michael K. Chapman
    Bedard Law Group
    2810 Peachtree Industrial Blvd, Suite D
    Duluth, GA 30097
    mchapman@bedardlawgroup.com

                                            /s/ Marques J. Carter
                                            Marques J. Carter