IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ELAINE MARSHALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:15-CV-206 (CAR) |
| | : | |
| FREDERICK J. HANNA AND | : | |
| ASSOCIATES, P.C., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Frederick J. Hanna and Associates, P.C.'s Motion to Dismiss Plaintiff Elaine Marshall's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et al.*, claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having considered the relevant facts, applicable law, and the parties' filings, Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**.

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1]  To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

claim to relief that is plausible on its face.'"[2]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

## BACKGROUND

For purposes of this Motion, the Court accepts as true all well-pleaded facts in Plaintiff's Complaint.

In connection with the collection of a debt, Defendant obtained a judgment against Plaintiff in Bleckley County, Georgia. Thereafter, Defendant filed a garnishment action against Plaintiff in Cobb County, Georgia. However, Plaintiff did not live in Cobb County, nor did Plaintiff sign the contract creating the debt in Cobb County.  Thus, Plaintiff alleges by filing the garnishment action in Cobb County, Defendant violated § 1692i(a)(2), the venue provision of the FDCPA.

## DISCUSSION

The FDCPA venue provision provides in relevant part that

(a) [a]ny debt collector who brings any legal action on a debt against any *consumer* shall—

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Id.*

[4] *Bell Atlantic Corp.*, 550 U.S. at 556.

(2) . . . bring such action only in the judicial district or similar legal entity–
    (A) in which such consumer signed the contract sued upon; or
    (B) in which such consumer resides at the commencement of the action.[5]

Defendant argues a garnishment action does not fall within the reach of this venue provision because it is an action brought against the garnishee, not the consumer. The Court agrees, and therefore this action must be dismissed.

In deciding this case, the Court is guided by its previous decision in *Pickens v. Collection Servs. of Athens, Inc.*[6], which addressed and analyzed the very issue now before this Court. In *Pickens* the Court found that "the garnishment action . . . was an action by the judgment creditor against the garnishee, and not against the consumer. Accordingly, the Court does not believe that the garnishment action violates the venue provision."[7] To determine whether the garnishment action fell within the meaning of the venue provision, the Court looked to the statutory language and found the language "clear in that the statute applies only to legal actions which are brought against a consumer."[8]

To determine whether the garnishment action itself was brought against the consumer or another party, the Court looked to the Official Code of Georgia and analyzed the specific procedures that must be followed in a garnishment action. Under Georgia law, "a garnishment proceeding is an action between the plaintiff [judgment creditor] and the

---

[5] 15 U.S.C. § 1692i(a)(2)(A) and (B) (emphasis added).
[6] 165 F. Supp. 2d 1376 (M.D. Ga. 2001).
[7] *Id.* at 1380.
[8] *Id.*

3

garnishee" and not the consumer.[9]  The Court recognized the "concern that not applying the FDCPA's venue provision in collection proceedings against parties other than the debtor could circumvent the purpose of the FDCPA as the debtor is ultimately affected by these actions."[10] However, the Court noted

> that in enforcement actions such as the one at issue in this case, the debtor has already had the chance to defend the debt action in the original proceeding in which the judgment was obtained. The original proceeding should have complied with the FDCPA and been brought against the debtor in one of the jurisdictions provided for under the venue provision.[11]

Indeed, the Court found the Federal Trade Commission's comments supported its analysis: "if a judgment is obtained in a forum that satisfies the requirements of the section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum."[12]

This Court agrees with its prior analysis and is unpersuaded by Plaintiff's arguments to the contrary.  As required by Georgia law, the garnishment action here was an action by the judgment creditor against the garnishee and not against the consumer. Thus, the garnishment action does not violate the FDCPA venue provision.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**.

---

[9] O.C.G.A. § 18-4-93
[10] *Pickens*, 165 F. Supp. 2d at 1380.
[11] *Id*. at 1380-81.
[12] *Id*. at 1381 (citing 53 Fed. Reg. 50,097, 50,109 (1988))

**SO ORDERED**, this 3rd day of November, 2015.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT JUDGE